UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

CIV-COHN

MAGISTRATE JUDGE
SNOW

JASON McDONALD,

        Plaintiff,

vs.

M/V "NOBLE HOUSE," a motoryacht
bearing Cayman Islands official no. 737283,
her engines, tackle, appurtenances, etc., *in rem*,
and DARBY MARITIME LTD.,

        Defendants.
_____/



## VERIFIED COMPLAINT UNDER RULE 9(h)

COMES NOW the Plaintiff, JASON McDONALD, by and through his undersigned counsel, and sues the Defendant, the M/V "NOBLE HOUSE," *in rem* (hereinafter the "Vessel"), and alleges that:

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333 as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rule 9(h).

2. Plaintiff is a foreign seaman who was employed by the Vessel's owner and who in the course of that employment, worked on and aboard the Vessel as a member of her crew. A copy of Plaintiff's Employment Agreement is attached hereto as Exhibit "A".

3. Defendant, DARBY MARITIME LTD., is a company organized and exisiting pursuant to the laws of the Cayman Islands and is the registered owner of the Vessel.

4.   The Vessel is now or will be during the pendency of this action, within this District and within the jurisdiction of this Court.

5.   On or about May 15, 2005 Plaintiff's employment was terminated. A copy of the Full and Final Settlement Agreement is attached hereto as Exhibit "B" and reflects that Plaintiff was to be paid $8,367.08 in accrued holiday pay wages.

6.   Said wages have not been paid, despite demand, and there is due and owing the amount of $8,367.08, plus interest and costs associated with bringing this lawsuit.

## COUNT I – UNPAID WAGES

7.   Plaintiff readopts each and every allegation in paragraphs 1 through 6 as if fully set forth.

8.   As a result of the foregoing Plaintiff has a maritime lien on the Vessel pursuant to Title 46 of the United States Code in an amount of or in excess of $8,367.08.

9.   Said lien is valid and has not been satisfied, and is entitled to priority over any and all other liens, if any.

## COUNT II - ACCOUNT STATED

10.   Plaintiff readopts each and every allegation in paragraphs 1 through 6 as if fully set forth.

11.   As a result of the foregoing, Plaintiff is owed the sum of $8,367.08 plus interest, under the account stated, to which no objection has been made.

## COUNT III – BREACH OF CONTRACT

12.   Plaintiff readopts each and every allegation in paragraphs 1 through 6 as if fully set forth.

13. As a result of the foregoing, and by virtue of contract between Plaintiff and Defendants, DARBY MARITIME LTD., Plaintiff is owed the sum of $8,367.08 plus interest.

## COUNT IV – UNJUST ENRICHMENT/*QUANTUM MERUIT*

14. Plaintiff readopts each and every allegation in paragraphs 1 through 6 as if fully set forth.

15. As a result of the foregoing, Defendant, DARBY MARITIME LTD., has been unjustly enriched, and Plaintiff is entitled to *quantum meruit* in a sum of at least $8,367.08 plus interest.

WHEREFORE, the Plaintiff prays that:

A. A Warrant of Arrest may issue against the vessel "NOBLE HOUSE," a motoryacht bearing Cayman Islands official no. 737283, her engines, tackle, appurtenances, etc, and that the vessel be sold at judicial sale and the proceeds of such sale may go to pay the amount due and owing the Plaintiff, plus costs, interest, attorneys fees, and such other relief this Court deems just and equitable; and

B. That judgment be entered against Defendant, DARBY MARITIME LTD., for the amount set forth herein.

Respectfully submitted this 7th day of September 2005.

LAW OFFICE OF DAVID M. SCOTT, P.A.
8551 West Surise Blvd.
Suite 210
Plantation, Florida 33322
Tel: (954) 318-1400
Mobile: (954) 732-3948
Fax: (954) 476-2382

By: _____
DAVID M. SCOTT, Esq.
Florida Bar No.: 0132934

STATE OF FLORIDA            )
                            ss:
COUNTY OF BROWARD           )

# VERIFICATION

**BEFORE ME** personally appeared JASON McDONALD, who after being first duly sworn, deposes and says:

> That he is the Plaintiff in this case and, to the best of his knowledge, information and belief, as well as the information provided to him by the plaintiff, the facts set forth in this Complaint are true and correct.

FURTHER AFFIANT SAYETH NAUGHT

_____
JASON McDONALD

SWORN TO and SUBSCRIBED
before me, this 7 day
of September, 2005

_____
Notary

NOTARY PUBLIC, STATE OF
FLORIDA AT LARGE

My commission expires:

Romona L Jewell
My Commission DD061129
Expires September 30, 2005

# SENIOR CREW EMPLOYMENT AGREEMENT

This Employment Agreement is entered into by and between Darby Maritime Ltd., a Company duly organized and existing pursuant to the laws of the Cayman Islands, having its Registered Offices at Cayman Business Park, Suite A7, Grand Cayman, Cayman Islands (the "Company") and Jason McDonald (the "Employee") whose residence is located at 4 Turner St, Seabird W.A, Australia and whose nationality or citizenship is Australian for services aboard the M/Y NOBLE HOUSE, (the "Ship"), effective 1st April 2005 for a term of twenty-four (24) months, subject to the terms and conditions set out below, and further subject to the ability of the Company acting in its sole discretion to either extend or reduce said term by no more than thirty (30) days, after the first twelve (12) months or based upon existing business conditions, or upon the Company's sale, if applicable, of the Ship.

Position. During the term of this Agreement, the Employee shall perform the duties of CHEF on board the Ship. In performing these duties, the Employee shall be subject to the standards of performance as outlined in the Company's employment manual and/or for a yacht of this size and type, which is incorporated by reference in this Agreement. It is agreed and understood that employment shall commence hereunder only from and after the date the Employee first signs on and is physically aboard the Ship

Compensation. The Company shall pay the Employee US $8,800.00 per month. The employee is to work 5 months on duty and 1 months off duty (5 on, 1 off) per year or as mutually discussed with the company. An 8% cost of living increase shall be paid after the first & each 12-month term of this agreement. Such payment shall be made on board the Ship or by other agreed means. The Employee shall be responsible for any and all tax obligations that he or she may have, and the Company will not withhold or otherwise make any deductions for any such taxes for anyone other than U.S. citizens. The foregoing salary constitutes the regular compensation for the work that is to be performed by the Employee under this Agreement, which work will require unlimited and irregular working hours daily and work on Saturdays, Sundays and public holidays. Salary shall be earned from the date on which the Employee signs on to the Ship through the date on which the Employee signs off the Ship. The Employee shall be provided by the Company with subsistence consistent with good maritime standards and practices while on board the Ship. All stores and provisions issued to the Employee are only for use and consumption on board the Ship and any unused or unconsumed stores or provisions shall remain the property of the Company. The Employee shall not take ashore, sell, destroy or give away such stores and provisions.

Employee's home port is declared to be Perth, Australia and the Company agrees to provide Employee with two round trip economy airline ticket to and from

EXHIBIT "A"

the Ship to Employee's declared home port during each twelve (12) month term of this Agreement. One ticket shall be the repatriation ticket in the event of termination of Employee's employment.

Probationary Period. Notwithstanding the stated term of this Agreement, during the first thirty (30) days following the effective date of this Agreement, the Employee shall serve in a probationary status. During this probationary period, the Company may, in its sole discretion, immediately terminate this Agreement and the Company's employment relationship with the Employee, with or without cause, and without right to indemnity or repatriation.

Work Schedule. The Employee shall be available to work seven (7) days per week with such working hours as the Company determines are appropriate to service its business requirements and the Ship. In the event that the Employee is required to work seven days without time off, the Employee shall receive appropriate time off, to be determined by the Company or the Master of the Ship. The Employee shall join the Ship or be available for duty at the date and time specified by the Company. Further, during the term of this Agreement, when Employee is away from the Ship on authorized leave, he or she shall rejoin the Ship on the time specified by the Company. Otherwise, the Master shall have the right of hiring a substitute.

Medical Examination. At the time the Employee signs on to the Ship, the Employee will be required to deliver to the Company a report of medical examination or certificate of fitness completed within the last twelve months, showing that the Employee is physically fit to perform services under this Agreement in accordance with the Ship's rules and regulations. Employee agrees to undergo medical examinations including drug testing, either performed or arranged by the Company, at any time and from time to time during the term of employment hereunder.

Dismissal With Cause. The Employee shall be subject to immediate dismissal for cause and in the event the Employee is dismissed for cause, the Employee will not receive compensation beyond the last full day worked.

For purposes of this Agreement, the term "cause" shall include, but not be limited to, any violation of (i) the Ship's rules and regulations or (ii) legal requirements concerning contraband (including but not limited to illegal drugs or dangerous goods), smuggling, theft, embezzlement. The term "cause" shall also include, but not be limited to, the failure to provide high-quality service and courtesy to passengers for a yacht of the NOBLE HOUSE's size and quality, the failure to fulfill the Company's standards of performance for the Employee, disobedience to any command of the Company or beneficial owner of the Ship or the Ship's officers, breach of duty, gambling on board, intoxication, aggression,

conviction of crime, or leaving the Ship or duty station without permission or otherwise absent without leave.

At the discretion of the Ship's Master or the Company, the Employee may be counseled and/or provided a specific amount of time or opportunity to cure the actions or behavior that the Employee is being dismissed with cause for. Nothing in this paragraph shall bind the Company to give the Employee a chance to cure his actions. If the Employee is provided the opportunity to cure his/her actions and does not do so to the satisfaction of the Ship's Master, the Company or the beneficial owner of the Vessel, the Employee will be dismissed as outlined above.

Dismissal Without Cause. The Employee shall be subject to dismissal without cause on thirty days (30) written notice. The Company may elect to pay the Employee thirty (30) days salary upon providing such notice.

Resignation. The Employee may resign from his or her position prior to the end of the term of this Agreement on sixty (60) days written notice to the Company with a copy to the Captain. In the event the employee resigns without providing notice, the Employee will not receive any compensation beyond the last payment made, or transportation home.

Death Benefits. In the event the Employee dies as a result of injury or illness during the term of his employment, Company shall have the following liabilities:

Company shall pay the deceased Employee's estate all outstanding wage obligations due to Employee under this Agreement.

Company shall transport the remains and personal effects of Employee to the address provided in this Agreement at Company's expense unless the death occurred in a port where local government laws or regulations do not permit the transport of such remains. In case death occurs at sea, the disposition of the remains shall be handled or dealt with in accordance with the best judgment of the Master of the Ship and applicable laws.

Injury or Illness. The Company shall be liable for the following when the Employee suffers injury or illness, during the term of his/her Agreement, not resulting in death - for work related injuries/illness.

Company shall continue to pay Employee his or her regular wages noted above during the time Employee is on board the Ship through the conclusion of the particular cruise during which the said illness or injury occurred, or until Employee's repatriation; whichever is earlier, as well as paying reasonable medical expenses relating thereto.

If the injury or illness requires medical and/or dental treatment (limited to extractions only) in a foreign port, Company shall be liable for the reasonable cost of such medical, dental, surgical and hospital treatment, as well as board and lodging until the Employee is declared fit to work or to be repatriated; provided that, if after repatriation, Employee still requires medical attention arising from said injury or illness, he/she shall be provided with the same at the Company's expense until such time as Employee is declared fit for duty or the degree of his disability has been established by a Company-designated physician.

Company shall continue to pay Employee agreed basic wages from the time Employee leaves the Ship for medical treatment. After discharge from the Ship, Employee is entitled to fifty (50%) per cent of his/her basic wages (basic wages = 60% of regular wages) until he/she is declared fit for duty or the degree of permanent disability has been assessed by the Company-designated physician, but in no event shall this period exceed 180 days. For this purpose, Employee shall submit himself/herself to medical examination by the Company-designated physician on request. Failure to comply with this requirement shall result in forfeiture of the right to claim any of the benefits provided hereunder.

In the event Employee is declared fit to return to duty, Company shall nevertheless not be under any obligation to continue said employment.

<u>Non-compensation; Exclusion</u>. No consideration of any nature shall be payable pursuant to this Agreement in respect of any injury, incapacity, disability or death resulting from a willful or negligent act of the Employee, including but not limited to consideration payable in any way related to the physical, mental or emotional condition of Employee not disclosed to Company at time of employment hereunder.

<u>Repatriation</u>. The Employee shall, if discharged at a port abroad for any reason other than for discipline, be accommodated ashore and in cases where it is not intended that he/she rejoin the ship, shall be, and subject to paragraph 2, repatriated to Employee's home port via sea or air or as may otherwise be directed by the Company.

When the Employee is discharged for disciplinary reasons, the Company shall have the right to recover the costs of maintenance and repatriation from the Employee's balance of wages and other earnings.

Transfer Clause. The Employee agrees to be transferred at any port to any Ship owned or operated, manned or managed by the Company, provided it is accredited to the same manning agent and provided further that the rating of the Employee and the rate of his/her wages and terms of service are in no way inferior and the total period of employment shall not exceed that originally agreed upon.

Employee's Personal Effects. The Employee shall be reimbursed by the Company the full amount of loss or damage to his personal effects in whole or in part but in no case shall the amount exceed the amount of US $2,500.00 if his/her personal effects are lost or damaged as a result of the wreck or loss or stranding or abandonment of the Ship or as result of fire or flooding or collision.

Reimbursement for loss or damage to the Employee's personal effects shall not apply if such loss or damage is due to (i) the Employee's own fault; (ii) misappropriation; (iii) larceny or theft..

Payment of any reimbursement shall be computed at the rate of exchange prevailing at the time of loss, unless in seeking for reimbursement the Employee is forced to litigate his/her claim. In that case, the rate of exchange prevailing at the time of actual payment shall be applied.

In case of partial loss, the amount shall be determined by mutual agreement, but in no case shall exceed the amount of US $2,500.00.

Personal Health Considerations. The Employee shall submit to the order of the Master of the Ship or to the laws of any country within the territorial jurisdiction of which the Ship may enter to have such vaccination or inoculation or to undertake safeguarding of his/her health and of the whole crew.

The Employee shall keep his/her quarters and other living spaces – such as messrooms, toilets, bathrooms, alleyways and recreation rooms in clean and neat condition to the satisfaction of the Master. This work is to be performed outside the Employee's normal working hours and for which no overtime pay shall be claimed.

The Employee shall conform to all requirements relating to personal hygiene and appearance as shall be contained in the Company's Employment Manual in force during the term of this Agreement.

Confidentiality and Non-Disclosure. The Employee shall execute and faithfully observe all of the terms and conditions of the Company's Confidentiality and Non-Disclosure Agreement as incorporated herein by reference, in direct consideration of his or her employment hereunder, and the observance of the said Confidentiality and Non-Disclosure Agreement shall be a material and integral part of this Agreement. In the event that Employee breaches this Clause and/or the Confidentiality and Non-Disclosure Agreement, Employee is subject to immediate

termination at the discretion of the Company, the Master of the Ship or the beneficial owner of the Ship.

Jurisdiction. In the event of any claim which may arise hereunder, the parties hereto agree to be bound by the adjudication procedures and the courts of the Cayman Islands, being the Flag State of the yacht, in that order, and to submit themselves to the jurisdiction thereof.

Applicable Law. This Agreement shall be governed in all respects by the laws of the Cayman Islands and the parties acknowledge that no other country's laws shall in any way apply hereto.

Complete Agreement. This Agreement is binding upon the parties hereto and their respective heirs, personal representatives, successors and assigns and may be amended only in writing executed with the same formalities. Neither party shall assign any part or all of this Agreement.

IN WITNESS WHEREOF, Company and Employee have executed this Agreement on the date specified below.

_____
Witness

Scott Robinson
_____
Witness

_____
Witness

S. Robinson
_____
Witness

_____
Employee

Date: 01-04-05

_____ on behalf
of Darby Maritime Ltd.
· Company

Date: 01-04-05

NOBLE HOUSE
O/N 737283 - C/S ZCNF5
G.T. 768 - N.T 230
GEORGETOWN



## NOBLE HOUSE

### FULL & FINAL SETTLEMENT

I Jason McDonald, a Bonafide crewmember of the Private Motor Yacht Noble House have agreed that I,

Shall receive the sum of USD$15,949-92 by wire transfer from Darby Maritime Ltd, being the full and final payment due, for services rendered under my Employment Contract. I consider my Employment with Darby Maritime Ltd now concluded and terminated.

Breakdown of Payment:

23 days x $288-52 = $6,635-96
29 days holiday   = $8,367-08
Flights           =$946-88

Total             = $15,949-92

Date:_____

Signature:_____

Name in print:_____

EXHIBIT "B"

# CIVIL COVER SHEET

**JS 44** (Rev. 11/04)

05-61475

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Jason McDonald

### DEFENDANTS
M/V Noble House — Darby Maritime

**CIV-COHN**
**MAGISTRATE JUDGE**
**SNOW**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David Scott, David M. Scott, PA
8551 W. Sunrise Blvd. #210
Plantation, FL 33322    954 732 3948

Attorneys (If Known)
0:05CV61475 JIC/LSS

**(d)** Check County Where Action Arose: ☐ DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☑ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☑ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Rule 9h Admiralty

LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 8,367.08
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

### VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE 9-7-05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 535208   AMOUNT 250.00   APPLYING IFP